**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DONNA LUANN LOVETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-CV-468-GKF-FHM |
| ) | |
| MIKAEL BRUCE KAGAN, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the court is the Motion to Dismiss/Transfer [Dkt. #6] filed by defendant Mikael Bruce Kagan ("Kagan"). Kagan asserts the court lacks personal jurisdiction over him.

This lawsuit arises from a car wreck in Glendale, Arizona, on January 21, 2011. [Dkt. #2, Complaint]. Plaintiff, Donna Lovett ("Lovett"), is a resident of Broken Arrow, Oklahoma. [*Id.*, ¶A.1.]. In her *pro se* complaint, she alleges she was working a nine-day car show in Quartzite, Arizona and was in Glendale picking up additional supplies when her car was rear ended by three other cars, the last of which was driven by Kagan, an Arizona citizen residing in Peoria, Arizona. [*Id.*, ¶A.2.]. She claims she suffered a neck injury and seeks damages for medical expenses, pain and suffering, and loss of income. [*Id.*, ¶¶C-D].

In his motion to dismiss, Kagan asserts that he does not reside or engage in business in Oklahoma, and has no minimum contacts with the state. Further, the accident took place in Arizona and all witnesses are in that state. [Dkt. #6 at 1-2].

Lovett, in response, contends legal representation of Kagan in this lawsuit by a Tulsa law firm, Law Offices of Ann Fries, is sufficient to establish the requisite "minimum contacts" to confer personal jurisdiction by this court.

In considering a motion to dismiss pursuant to Rule 12(b)(2), a court must determine whether the plaintiff has alleged sufficient facts to establish the court's personal jurisdiction over the defendant. Plaintiff bears the burden of establishing that the court has personal jurisdiction over defendants. *OMI Holdings, Inc. v. Royal Ins. Co. of Canada,* 149 F.3d 1086, 1091 (10th Cir. 1998); *AST Sports Science, Inc., v. CLF Dist. Ltd.*, 514 F.3d 1054, 1056 (10th Cir. 2008).

"To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state *and* that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995). "In Oklahoma, this two-part inquiry collapses into a single due process analysis," because Oklahoma permits the exercise of personal jurisdiction to the full extent permitted by the United States Constitution. *Rambo v. American S. Ins. Co.*, 839 F.2d 1415, 1416 (10th Cir.1998) (citing Okla. Stat. tit. 12, § 2004 F). Accordingly, the only question remaining is whether the exercise of personal jurisdiction over the nonresident defendant comports with due process. *See AST Sports Science*, 514 F.3d at 1057.

The Due Process Clause prevents courts from exercising jurisdiction over a nonresident defendant unless "there exist 'minimum contacts' between the defendant and the forum state." *Benton v. Cameco Corp.*, 375 F.3d 1070, 1075 (10th Cir. 2004) (quoting *OMI Holdings,* 149 F.3d at 1091). The "minimum contacts" standard can be satisfied in either of two ways: First, the court may exert specific jurisdiction over a defendant who has "purposefully directed his

activities at residents of the forum," provided "the litigation results from alleged injures that arise out of or relate to those activities." *Id.* (internal citations and quotation marks omitted). Alternatively, the court may maintain general personal jurisdiction over a defendant who has maintained continuous and systematic general business contacts with the forum state. *Id.*

The appearance of Oklahoma counsel on behalf of defendant in this case does not provide a basis for the court to exercise specific jurisdiction. Defendant did not "purposefully direct activities at residents of the forum." Rather, this case arises from a car accident in Arizona, and defendant's only alleged contact with this state is his retention of an attorney to file the personal jurisdiction challenge. Similarly, there is no basis for the court to exercise general personal jurisdiction over Kagan, because defendant has no "continuous and systematic general business contacts" with Oklahoma.

Defendant's Motion to Dismiss [Dkt. #6] is granted.

ENTERED this 29th day of April, 2013.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT